ORIGINAL

FILED IN CLERK'S OFFICE

JUL 6 - 2004

LU

By: _____ Clerk

Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ROBERT J. ALLEN, <br><br> Plaintiff, <br><br> v. <br><br> PHYSICIAN SPECIALISTS IN ANESTHESIA, P.C.; PHYSICIAN SPECIALISTS IN PAIN MANAGEMENT, INC.; PHYSICIAN PAIN SPECIALISTS, P.C.; THE RESURGENS CENTER, INC.; RESURGENS AND AFFILIATED ORTHOPAEDISTS, PC; and RESURGENS SURGERY CENTER, LLC, <br><br> Defendants. | CIVIL ACTION FILE <br> NO.  1:01-CV-0854-MHS |

## MOTION BY UNITED STATES TO INTERVENE
### FOR SETTLEMENT PURPOSES AND TO DISMISS ACTION AS TO
### DEFENDANTS PHYSICIAN SPECIALISTS IN ANESTHESIA,
### PHYSICIAN SPECIALISTS IN PAIN MANAGEMENT,
### AND PHYSICIAN PAIN SPECIALISTS

Pursuant to the False Claims Act, 31 U.S.C. § 3730(c)(3), the United States

of America, by its undersigned counsel, hereby moves this Court to intervene in

this action for purposes of entering into a settlement against Defendants Physician

Specialists in Anesthesia, P.C. ("PSA"), Physician Specialists in Pain Management

50

("PSPM"), and PSPM's successor entity, Physician Pain Specialists ("PPS") (collectively, "the PSA Defendants"). The United States and Relator also move to dismiss this action against the PSA Defendants as set forth below.

On April 3, 2001, Robert Allen (hereinafter "relator"), filed a complaint under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3729, et seq. The United States declined to intervene in this case on October 28, 2002, and the Court unsealed the complaint on October 31, 2002. *See* 31 U.S.C. §3730(b)(4)(B). Relator moved for leave to file a Second Amended Complaint by Restatement on May 27, 2003, and Relator's Motion was granted on August 28, 2003. Since last August, the parties have been in litigation, although they have stipulated to several extensions of time for defendants to answer, and most recently, on May 14, 2004, the Resurgens Center, Inc., Resurgens and Affiliated Orthopaedists, P.C. and Resurgens Surgery Center, LLC (collectively "Resurgens") filed a motion to dismiss.

The United States, as the real party in interest, now seeks to intervene in this matter for good cause pursuant to 31 U.S.C. § 3730(c)(3), for purposes of settling this matter against the PSA Defendants. The Government, Relator, and PSA Defendants have reached a settlement of the Relator's allegations relating to the

PSA Defendants.  Accordingly, a proposed order is submitted herewith.

Respectfully submitted,

For the United States:

PETER D. KEISLER
Assistant Attorney General

WILLIAM S. DUFFEY, JR.
United States Attorney
Northern District of Georgia

MINA RHEE
Assistant United States Attorney
Ga. Bar No. 602047
600 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303
Tel: (404) 581-6302
Fax: (404) 581-6234

For Relator Robert J. Allen:

Marlan B. Wilbanks, Esquire
(by MRhee with permission)
Georgia Bar No. 758223
HARMON, SMITH, BRIDGES
&WILBANKS
1795 Peachtree Rd., N.E.
Suite 350
Atlanta, Georgia 30309-2339
Tel: (404) 881-1200
Fax: (404) 881-8523

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **UNITED STATES'
MOTION TO INTERVENE FOR SETTLEMENT PURPOSES AND TO
DISMISS PSA DEFENDANTS and PROPOSED ORDER** were served by first-
class, United States mail, postage prepaid, upon the following, on this 6th day of
July, 2004.

Marlan B. Wilbanks
Harmon Smith Bridges & Wilbanks
1795 Peachtree Road, NE
Suite 350
Atlanta, Georgia  30309
*Counsel for Relator Robert J. Allen*

Shannon Thyme Klinger
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree St.
Atlanta, GA 30309-3424
*Counsel for PSA Defendants*

Ellen G. Schlossberg
Vaughan & Murphy
260 Peachtree Street, NW
Suite 1600
Atlanta, Georgia 30303-1202
*Counsel for Resurgens Defendants*

Mina Rhee
Assistant United States Attorney

ORIGINAL

FILED IN CLERK'S OFFICE

JUL 6 - 2004

LUTH⋯                  Clerk
By: *⁘⁘⁘⁘*  Deputy Clerk

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ROBERT J. ALLEN, <br><br> Plaintiff, <br><br> v. <br><br> PHYSICIAN SPECIALISTS IN ANESTHESIA, P.C.; PHYSICIAN SPECIALISTS IN PAIN MANAGEMENT, INC.; PHYSICIAN PAIN SPECIALISTS, P.C.; THE RESURGENS CENTER, INC.; RESURGENS AND AFFILIATED ORTHOPAEDISTS, PC; and RESURGENS SURGERY CENTER, LLC, <br><br> Defendants. | CIVIL ACTION FILE <br> NO.  1:01-CV-0854-MHS |

## ORDER GRANTING THE UNITED STATES' MOTION TO INTERVENE FOR SETTLEMENT PURPOSES

The Court, having duly considered the United States' Motion to Intervene

for settlement purposes, filed pursuant to 31 U.S.C. § 3730(c)(3), and the motion

to dismiss, and finding good cause therefor, hereby GRANTS the motion to

intervene.  The United States, *qui tam* Relator Robert J. Allen, and Defendants

Physician Specialists in Anesthesia, P.C. ("PSA"), Physician Specialists in Pain

Management ("PSPM"), and PSPM's successor entity, Physician Pain Specialists

("PPS") (collectively, "the PSA Defendants"), have entered into a settlement

agreement. The Relator's action as to the PSA Defendants are hereby dismissed

with prejudice. The United States' claims as to the PSA Defendants are dismissed

with prejudice as to the conduct covered in the parties' settlement agreement.[1]

This Order of dismissal does not impact any of the Relator's claims against

the remaining defendants, The Resurgens Center, Inc.; Resurgens and Affiliated

Orthopaedists, PC; or Resurgens Surgery Center, LLC, or the United States' ability

---

[1]The United States contends that it has certain civil claims against the PSA
Defendants for engaging in the following conduct: from approximately April
1993 through June 1996, the PSA Defendants billed and were paid by the
Medicare Program for non-covered pain management services that were performed
at a Resurgens Ambulatory Surgical Center ("Resurgens ASC"). The Resurgens
ASC was authorized by Georgia State law and by its Certificate of Need to
provide only outpatient surgical procedures. The PSA Defendants did not have a
Certificate of Need to perform pain procedures in the Resurgens ASC. The United
States contends that pain management services provided by the PSA Defendants to
its patients and billed to the Medicare Program from approximately April 1993
through June 1996 were outside the scope of authorized procedures for the
Resurgens ASC, and the PSA Defendants should not have billed the Medicare
Program for such procedures. The United States' dismissal with prejudice as to the
PSA Defendants is for the above-described conduct only.

to intervene as to these remaining defendants, should it so choose, at a later date.

IT IS SO ORDERED this _____ day of July, 2004.

_____
Marvin H. Shoob
United States District Judge

CONSENTED TO BY:

*Mina Rhee*
Mina Rhee
Assistant U.S. Attorney
Georgia Bar. No. 602047
*Counsel for the United States*

*Marlan Wilbanks (by MRhee)*
Marlan B. Wilbanks
Harmon Smith Bridges & Wilbanks
Georgia Bar No. 758223
*Counsel for Relator Robert J. Allen*