RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 18 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

## ORIGINAL

FILED IN CLERK'S OFFICE
U.S D.C. Atlanta

MAY 2 3 2005

LUTHER D. THOMAS, Clerk
By: _____
          Deputy Clerk

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA ex rel.,
ROBERT J. ALLEN,

      Plaintiff,

v.

PHYSICIAN SPECIALISTS IN
ANESTHESIA, P.C.; PHYSICIAN
SPECIALISTS IN PAIN MANAGEMENT,
INC.; PHYSICIAN PAIN SPECIALISTS,
P.C.; THE RESURGENS CENTER, INC.;
RESURGENS AND AFFILIATED
ORTHOPAEDISTS, PC; and RESURGENS
SURGERY CENTER, LLC,

      Defendants.

CIVIL ACTION FILE
NO. 1:01-CV-0854-MHS

## ORDER GRANTING THE UNITED STATES' MOTION TO INTERVENE FOR SETTLEMENT PURPOSES

The Court, having duly considered the United States' Motion to Intervene for settlement purposes, filed pursuant to 31 U.S.C. § 3730(c)(3), and the motion to dismiss, and finding good cause therefor, hereby GRANTS the motion to intervene. The United States, *qui tam* Relator Robert J. Allen, and Defendants The Resurgens Center, Inc., Resurgens and Affiliated Orthopaedists, PC, and Resurgens Surgery Center, LLC (collectively, "Resurgens"), have entered into a settlement agreement.

The Relator's action as to Resurgens is hereby DISMISSED WITH PREJUDICE. The United States' claims as to Resurgens are DISMISSED WITH PREJUDICE as to the conduct covered in the parties' settlement agreement.[1]

This dismissal resolves the entire case. The Parties agree that the Court will retain jurisdiction of this case for the purpose of enforcing the terms of this Agreement. Except as otherwise provided in the settlement agreement, the Parties agree to bear their own costs and attorneys' fees.

IT IS SO ORDERED this _____ day of _____, 2005.

_____
Marvin H. Shoob
United States District Judge

---

[1]United States contends that it has potential civil monetary claims for unjust enrichment, payment under mistake of fact, restitution, disgorgement, recoupment, constructive trust and breach of contract, and claims under the False Claims Act, 31 U.S.C. §§ 3729-3733 and other federal statutes in connection with the submission of claims for reimbursement of facility fees to the Medicare Program relating to services that were performed by PSPM at the ASC, and billed by or on behalf of Resurgens from approximately April 1993 through December 1997. The United States contends that claims were submitted and payments were made to Resurgens and PSA/PSPM in a manner inconsistent with the applicable regulations, guidelines and directives. Specifically, the United States contends that Resurgens billed Medicare for facility fees relating to outpatient procedures performed by PSPM physicians that were outside the authorized scope of the Certificate of Need (CON). The foregoing constitutes the conduct covered by the Parties' settlement agreement.

CONSENTED TO BY:

*Mina Rhee*

Mina Rhee
Assistant U.S. Attorney
Georgia Bar. No. 602047
*Counsel for the United States*


*Mina Rhee  / with permission*
for Marlan B. Wilbanks, Esquire
Harmon Smith Bridges & Wilbanks
Georgia Bar No. 758223
*Counsel for Relator Robert J. Allen*


Charles C. Murphy, Jr., Esquire
Vaughan & Murphy
Georgia Bar No. 530062
*Counsel for Resurgens Defendants*